UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:99:CR:47 |
| Plaintiff, ) | |
| ) | Honorable Robert Holmes Bell |
| v. ) | |
| ) | |
| MICHAEL JOHN MODENA, ) | |
| ) | **ORDER** |
| Defendant. ) | |
| ) | |

      Defendant Michael John Modena is serving a 24-month prison sentence, imposed by Chief Judge Robert Holmes Bell on July 21, 2005, after the court found defendant in violation of seven conditions of supervised release. Defendant elected to represent himself during the revocation proceedings, with the assistance of standby counsel. Defendant filed a *pro se* notice of appeal, and the issue of revocation is now pending before the Sixth Circuit Court of Appeals (case no. 05-2055). Also pending before the Court of Appeals is defendant's appeal of Judge Bell's order denying his motion for reconsideration or for a new trial (case no. 05-2145). Finally, three motions to vacate defendant's sentence pursuant to 28 U.S.C. § 2255 are also pending before the Court of Appeals, having been transferred to that court by Chief Judge Bell as required by 28 U.S.C. § 2255 ¶ 8 and *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

      Defendant has now filed a *pro se* motion to activate his standby counsel. In his motion, defendant complains of certain conditions of his confinement. He also expresses an interest in filing yet another section 2255 motion. This court, however, is unable to appoint standby counsel to assist defendant in these circumstances. The concept of standby counsel was created by the

United States Supreme Court in *Faretta v. California*, 422 U.S. 806 (1975). The purpose of standby counsel is to assist a defendant who has invoked his constitutional right to self-representation with regard to basic courtroom mechanics and the rules of courtroom protocol. *See McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984). All proceedings in this court are completed, and defendant has no need of standby counsel to coach him concerning courtroom protocol. The right of self-representation does not extend to appeals. *See Martinez v. Court of Appeal*, 528 U.S. 152 (2000). This court therefore has no authority to appoint standby counsel to assist defendant in his pending appeals. Although the court has discretionary authority to appoint counsel for purposes of prosecuting a section 2255 motion, *see* RULE 8(c), RULES GOVERNING SECTION 2255 PROCEEDINGS, no such motion is presently pending before the court, nor can defendant prosecute such a motion until he has been given permission to do so by the Court of Appeals. Furthermore, the rules do not contemplate the appointment of standby counsel in section 2255 proceedings.

The court concludes that it has no authority to appoint standby counsel for defendant at the present time. Defendant's motion to activate standby counsel (docket # 629) is therefore DENIED.

DONE AND ORDERED this 4th day of January, 2006.

/s/  Joseph G. Scoville
United States Magistrate Judge